OPINION OF THE COURT
 

 Memorandum.
 

 The order of the Appellate Division should be affirmed.
 

 Defendant was convicted upon a plea of guilty to two counts of endangering the welfare of a child after County Court had denied his motion to dismiss a multiple count indictment on grounds of insufficiency of evidence before the Grand Jury or, alternatively, as violative of the constitutional prohibition against ex post facto laws.
 

 The essence of his claim is that the elimination of the corroboration requirement of Penal Law § 130.16, applied to crimes he committed prior to the effective date of the amendment, changed or lessened the People’s burden of proof and, hence, was ex post facto in its effect, and that such an asserted violation is of such fundamental constitutional dimension as to survive a plea of guilty.
 

 Even if we assume that the asserted claim is error — and we do not decide that issue on the merits in this case — the Appellate Division correctly held that this ex post facto argument, rooted in an evidentiary rule change, is lost by a plea of guilty because it relates essentially to the quantum of proof to satisfy factual elements of a crime before the Grand Jury
 
 (People v Taylor,
 
 65 NY2d 1, 5;
 
 People v Pelchat,
 
 62 NY2d 97, 108;
 
 People v Thomas,
 
 53 NY2d 338, 342, n 2).
 

 
 *922
 
 Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
 

 Order affirmed in a memorandum.