■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v

ADAM NEZAJ, Also Known as ABDULLAH NEZAJ, Appellant.— Judgment of the Supreme Court, Bronx County (Edward M. Davidowitz, J.), rendered on or about August 31, 1988, convicting defendant, upon his plea of guilty, of assault in the first degree, and imposing an indeterminate sentence of 3 to 9 years, unanimously affirmed.

Contrary to defendant's assertions, the doctrine of collateral estoppel does not preclude the People from relitigating suppression issues previously resolved in Federal court since at least two of the legal criteria for application of the doctrine, identity of the parties and identity of the issues, are not satisfied (see, People v Plevy, 52 NY2d 58, 64; People v Phears, 53 NY2d 1001, 1002; People v McGriff, 130 AD2d 141, 149).

Equally without merit is defendant's contention that, by pleading guilty, he did not forfeit his challenge to the sufficiency of the evidence presented to the Grand Jury (see, People v Latzer, 71 NY2d 920, 921; People v Taylor, 65 NY2d 1, 5).

Finally, we note that the victim, a special agent of the Division of Alcohol, Tobacco and Firearms, qualifies as a peace officer under the express provisions of CPL 2.15 so as to support a charge of aggravated assault (Penal Law § 120.11).

We have considered defendant's remaining contentions and find them to be without merit. Concur—Sullivan, J. P., Ross, Ellerin and Rubin, JJ. [See, 139 Misc 2d 366.]