■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DONALD BAKER, Appellant.—Judgment, Supreme Court, Bronx County (Elbert C. Hinkson, J.), rendered August 10, 1987, upon a jury's verdict, convicting appellant of manslaughter in the first degree and criminal possession of a weapon in the second degree and sentencing him, as a second felony offender, to concurrent terms of imprisonment of from 12½ to 25 years and 7½ to 15 years, respectively, unanimously affirmed.

Appellant's challenge to legal sufficiency was preserved by his motion for a trial order of dismissal *(People v Kilpatrick,* 143 AD2d 1, 2). However, viewing the evidence in the light most favorable to the People *(Matter of Anthony M.,* 63 NY2d 270, 280), a rational trier of fact could have found the essential elements of both crimes proven beyond a reasonable doubt. With respect to the manslaughter in the first degree charge, appellant is not persuasive that the evidence fails to disprove his justification defense beyond a reasonable doubt. The People's evidence establishes that, contrary to appellant's

testimony, no gun was found on or near the deceased. Parenthetically, even if appellant's testimony were credited by the jury, he did not establish the existence of a reasonable belief that the deceased threatened the imminent use of deadly physical force (see, People v Goetz, 68 NY2d 96) or that he could not have safely retreated (Penal Law § 35.15 [2] [a]). With respect to the People's proof that appellant intended to use the gun unlawfully against another, an element of the weapon possession charge, appellant's own testimony establishes that, whatever his motive, he intended to shoot the deceased. Further, appellant must be presumed to have intended his acts (Penal Law § 265.15 [4]). Since there is no direct proof here of appellant's open expression of intent, and such a determination rests on circumstantial evidence, considering the facts proven and the inferences that reasonably could be drawn therefrom (People v Castillo, 47 NY2d 270, 277), a jury could conclude that there is no reasonable doubt that appellant intended to use the weapon unlawfully against another. Concur—Kupferman, J. P., Milonas, Kassal and Ellerin, JJ.