■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHN GASTON, Appellant.—Judgment, Supreme Court, New York County (Robert Haft, J.) rendered May 22, 1989, convicting defendant after jury trial of assault in the second degree and sentencing him as a second felony offender to a term of imprisonment of 3½ to 7 years, and order of the same court and justice denying defendant's written and oral motions for dismissal of the indictment, unanimously affirmed.

Defendant's claim that the trial court erred in denying defendant's motion for dismissal of the indictment on the ground that the People ' deliberately presented misleading testimony to the grand jury is unsupported by the record. The testimony in question involved an eyewitness to the incident, who testified truthfully before the grand jury that he had a previous criminal conviction. Although the presenting assistant did not explore the full extent of that witness's prior criminal history, the People adequately submitted evidence of the witness's background *(People v Lancaster,* 69 NY2d 20, *cert denied* 480 US 922). Additionally, despite defendant's characterization of the eyewitness's testimony as perjurious, the record before this court does not indicate that the indictment herein was founded upon inadequate or improper evidence which would give rise to a constitutional challenge, nor was evidence of the witness's specific prior criminal convictions material to the charges against defendant *(see, People v Pelchat,* 62 NY2d 97). Thus, the trial court properly denied defendant's motions for dismissal of the indictment. Moreover, the trial jury heard of the witness's complete criminal conviction background.

Evidence adduced at trial was that defendant approached the complainant, a longtime friend, on the street and asked for money. When that request was denied, defendant knocked complainant to the ground and hit him over the head with a bottle, rendering him unconscious. While the victim was lying

unconscious on his back, defendant (who is 6 feet 2 inches tall and weighs 210 pounds), "stomped" on the victim's abdominal and chest area by jumping up in the air and coming down with his foot three times. The "stomping" ceased only when bystanders intervened, grabbed defendant, and directed him to leave the scene. Injuries to the victim included massive internal bleeding and intestinal damage. Emergency, life-saving surgery was performed, requiring bowel reconstruction and removal of a large portion of the victim's intestine. The surgeon testified that the victim's injuries were consistent with serious abdominal trauma, generally sustained in automobile accident injury, or beating with a club wielded with violent force. Considering this evidence, and the inferences that properly could be drawn therefrom, the jury reasonably found that the People proved beyond a reasonable doubt defendant's intent to cause serious physical injury (see, People v Barnes, 50 NY2d 375).

The prosecutor's summation comments constituted appropriate response to the defense summation (see, People v Marks, 6 NY2d 67, cert denied 362 US 912) and fair comment on the evidence presented within the broad bounds of rhetorical comment (see, People v Galloway, 54 NY2d 396). Concur— Milonas, J. P., Ellerin, Kupferman and Asch, JJ.