■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v JOHNNY ESCALERA, Appellant. [632 NYS2d 80] —Judgment, Supreme Court, Bronx County (Vincent Vitale, J., at suppression hearing and jury trial; Alexander Hunter, J., at sentencing), rendered February 28, 1994, convicting defendant of robbery in the first degree (two counts), burglary in the first degree, and criminal possession of a weapon in the third degree, and sentencing him, as a persistent violent felony offender, to concurrent terms of 17 years to life on each robbery count, 17 years to life on the burglary count, and 10 years to life on the weapon count, unanimously affirmed.

The hearing court properly found independent source for the complainants' identification of defendant at trial, based on the complainants' testimony that they had ample opportunity to observe defendant at close range and for an extended period of time as defendant and his cohorts demanded valuables and dictated the actions of the complainants in their home (*see, People v Jacobi*, 159 AD2d 308, *lv denied* 76 NY2d 790).

Viewing the evidence at trial in the light most favorable to the People and giving them the benefit of every reasonable inference, defendant's guilt of each and every element of the crimes charged was proven beyond a reasonable doubt (*People v Malizia*, 62 NY2d 755, *cert denied* 469 US 932), and an independent review of the facts indicates that the jury accorded appropriate weight to the credible evidence (*People v Bleakley*, 69 NY2d 490).

The trial court appropriately exercised its discretion in denying defendant's request for a missing witness charge regarding an additional individual who was at the scene of the robbery, as there was no showing that the witness' testimony would have been noncumulative to that of the two complainants and favorable to the prosecution, or that the witness, reported by the prosecutor to be out of the country at the time of trial, was available to testify (*People v Kitching*, 78 NY2d 532, 536-537).

As defendant failed to take exception to the court's curative instructions regarding two isolated summation comments by the prosecutor, his current claim that these comments deprived him of a fair trial is unpreserved (*People v Medina*, 53 NY2d 951, 953). In any event, in light of the overwhelming evidence against defendant, and the court's immediate corrective actions, the comments in question did not serve to deprive defen-

dant of his fundamental right to a fair trial (see, People v D'Alessandro, 184 AD2d 114, 120, lv denied 81 NY2d 884).

The trial court properly denied defendant's request for a jury charge on the lesser included offense of robbery in the third degree, as no reasonable view of the evidence would support a finding that defendant committed the lesser but not the greater offense (People v Glover, 57 NY2d 61, 63).

The record controverts defendant's claim that he was improperly adjudicated a persistent violent felony offender because he did not specifically state at a prior plea allocution that a knife wielded by a cohort during the course of a robbery was displayed or used during the course of the robbery. As found by the sentencing court, the minutes of the plea allocution in question indicate that defendant's prior conviction was constitutionally obtained, as defendant entered a knowing, intelligent and voluntary guilty plea. Defendant's specific acknowledgment during the plea allocution that he aided a cohort, who was armed with a knife, in taking money from the person of another was sufficient for the court to draw the reasonable inference that the knife was used as a threat of force in furtherance of the robbery (see, People v Baker, 155 AD2d 398, 399, lv denied 75 NY2d 866).

Defendant's additional arguments are for the most part unpreserved and, in any event, would not warrant modification of the judgment. Concur—Ellerin, J. P., Wallach, Ross, Asch and Mazzarelli, JJ.