■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v MURALI KRISHNA PONNAPULA, Appellant. [698 NYS2d 219] —Judgment, Supreme Court, New York County (Richard Carruthers, J.), rendered July 8, 1997, convicting defendant, after a jury trial, of grand larceny in the first degree and falsifying business records in the first degree, and sentencing him to concurrent terms of 1 to 3 years and 1 year, respectively, unanimously affirmed. The matter is remitted to Supreme Court, New York County, for further proceedings pursuant to CPL 460.50 (5).

The verdict was not against the weight of the evidence. On a previous appeal this Court, in reversing an order of the trial court that had set aside the instant verdict on the ground of legal insufficiency, concluded that there was ample evidence in support of defendant's guilt (229 AD2d 257). Defendant's challenges to the weight of the evidence are similar to the arguments this Court rejected on the prior appeal, and upon our independent review of the evidence (see, People v Bleakley, 69 NY2d 490), we find these arguments unpersuasive. There was ample evidence of larcenous intent, and the element of first-degree grand larceny requiring a taking of over one million dollars was satisfied by a temporary taking in excess of the threshold amount, notwithstanding that the victimized bank's ultimate loss was less than that sum (see, Harrison v People, 50 NY 518).

Defendant's motion to dismiss the indictment on the ground that the integrity of the Grand Jury process was impaired by the introduction of a forged document was properly denied. The prosecutor had no reason to believe this notarized document was a forgery, and the document played, at most, a minor role in the Grand Jury presentation. Accordingly, defendant has not shown that the integrity of the proceeding was impaired (see, CPL 210.35 [5]), and thus has not met the high standard required for the extraordinary remedy of dismissal (see, People v Huston, 88 NY2d 400, 408-409).

The court properly found that since the defense was, in fact, supplied with the material in question, there was no violation of Brady v Maryland (373 US 83).

The court properly exercised its discretion in permitting the

introduction of background information that included uncharged crimes as well as misconduct by others not directly involving defendant. Such evidence was properly admitted in order to provide the jurors with a complete narrative of what had occurred such as would enable them to understand the situation surrounding the subject loan, as well as defendant's fraudulent intent and knowledge (*see, People v Alvino*, 71 NY2d 233; *People v Stanard*, 32 NY2d 143, 146).

We have considered and rejected defendant's remaining claims. Concur—Sullivan, J. P., Rosenberger, Lerner, Rubin and Andrias, JJ.