■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EDWARD ANDREWS, Also Known as BLACK, Appellant. [711 NYS2d 842] —Mercure, J. P. Appeal from a judgment of the County Court of Albany County (Breslin, J.), rendered December 10, 1997, upon a verdict convicting defendant of the crime of assault in the first degree.

Thomas Covington, Brian Hopkins, Shelton Colds and defendant spent the evening of March 22, 1996 at Colds' apartment on Green Street in the City of Albany. At one point, defendant left the apartment to go pick up a video and while he was gone Covington left for his home. When defendant returned, he said he was unable to locate some drugs he had left in the bathroom and, after being told that Covington had been in the bathroom

just before leaving, defendant came to the conclusion that Covington had stolen them. Defendant became enraged and punched a hole in the bedroom door. He then directed Colds to call Covington on the telephone and tell him to return the drugs. Colds did that and defendant then got on the phone and told Covington to return his drugs or he was going to hurt him. Covington stated that he would come right over and straighten out the matter, but defendant told him not to come if he did not have the drugs. After he got off the phone, defendant took a butcher knife from the kitchen, gave it to Hopkins and told Hopkins and Colds that they "better stab * * * Covington".

Shortly thereafter, Covington arrived at Colds' apartment. Defendant immediately confronted him, asking "do you have my drugs?" When Covington denied having taken defendant's drugs, defendant said to Hopkins "do what you have to do". Hopkins then stabbed Covington in the chest and, when Covington tried to run from the apartment, Hopkins stabbed him again in the back. Defendant and Hopkins then pursued Covington out into the hallway and down the stairs. When Covington fell, defendant kicked him. Ultimately, Covington was able to escape and locate a policeman who arranged to have him transported to the hospital.

The People presented the evidence against defendant and Hopkins to a Grand Jury. City of Albany Police Detective Eugene O'Hanlon testified concerning a written statement he had taken from Hopkins. The statement, which was read aloud to the Grand Jury, indicated that defendant and not Hopkins had stabbed Covington. The Grand Jury was instructed, however, that they were to consider Hopkins' statement only in their consideration of charges against Hopkins and not in their consideration of charges against defendant. The Grand Jury returned a joint indictment charging defendant and Hopkins with attempted murder in the second degree and assault in the first degree. The charges against Hopkins were resolved through a plea bargain. The indictment against defendant proceeded to a trial, at which Hopkins, Covington and Colds all testified against defendant. The jury found defendant guilty of assault in the first degree, he was sentenced to a determinate term of imprisonment of 15 years and he now appeals.

Initially, we reject the contention that County Court erred in denying defendant's motion to dismiss the indictment upon the ground that the Grand Jury proceeding was defective (see, CPL 210.35). Although there is no question that the statement Hopkins gave O'Hanlon falsely accused defendant of stabbing Covington, contrary evidence presented to the Grand Jury

disclosed the inconsistency in Hopkins' version of the events, and the instruction that the Grand Jury was to consider Hopkins' statement only against him provided adequate protection to defendant. Moreover, defendant has not alleged that the People offered Hopkins' statement with the knowledge that it contained false accusations (*compare, People v Pelchat*, 62 NY2d 97, 107).

We also reject the contention that the trial evidence was not legally sufficient to support the jury's verdict finding defendant guilty of assault in the first degree. The jury was charged on accessorial conduct (*see*, Penal Law § 20.00) and the trial evidence, as previously set forth, amply supported a finding of defendant's intent that serious injury be inflicted upon Covington and that defendant solicited, requested or commanded Hopkins to stab Covington. Furthermore, by providing Hopkins with the knife that was used in the crime, defendant aided Hopkins in engaging in the criminal conduct (*see, People v Motter*, 235 AD2d 582, 585, *lv denied* 89 NY2d 1038).

We reject the contention that the prosecutor's references to defendant as a drug dealer were unduly prejudicial. As correctly recognized by County Court, it was important for the People to establish the relationship of defendant as a drug distributor and Hopkins (who was only 15 years old at the time of the present crime) as his "mule" in order to make the jury aware of the degree of control that defendant had over Hopkins. In addition, County Court appropriately instructed the jury that it was not to consider defendant's status as a drug dealer in making its determination as to defendant's guilt or innocence of the charges against him. Finally, any inappropriate remarks the prosecutor may have made in his summation were by no means so egregious as to deprive defendant of a fair trial (*see, People v German*, 251 AD2d 900, 902, *lv denied* 92 NY2d 897; *People v Carter*, 227 AD2d 661, 663, *lv denied* 88 NY2d 1067).

Crew III, Mugglin, Rose and Lahtinen, JJ., concur. Ordered that the judgment is affirmed.