■ MAIL BOXES ETC. USA, INC., Respondent, v RUPERT HIGGINS et al., Appellants. [721 NYS2d 524] —Order, Supreme Court, New York County (Edward Lehner, J.), entered January 11, 2000, which, in an action for defamation and tortious interference with contract in which counterclaims for tortious interference with business relations and unfair trade practices have been interposed, insofar as appealed from as limited by defendants' brief, denied defendants' motion to vacate a prior order granting plaintiff's motion for a default judgment as against the corporate defendant, unanimously affirmed, with costs.

The motion court had previously directed the corporate defendant to appear by attorney, as required by CPLR 321 (a), within 30 days, or face default. Having failed to do so, the default judgment against it was properly granted. There is no merit to defendants' argument that CCA 1809 (2) entitles the corporate defendant to appear herein by an authorized officer. Concur—Nardelli, J. P., Williams, Tom, Lerner and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v YENSIE JIMENEZ, Appellant. [722 NYS2d 4] —Judgment, Supreme Court, New York County (Bonnie Wittner, J.), rendered June 1, 1999, convicting defendant, after a jury trial, of conspiracy in the second degree, and sentencing him to a term of 5 to 15 years, unanimously affirmed.

The court properly permitted the People to introduce evidence of drug transactions claimed by defendant to constitute uncharged crimes. The jury could reasonably infer that the transactions in question were part of the charged crime of conspiracy. In any event, these transactions were admissible as background information that was relevant, under the circumstances, to establish the criminality of defendant's conduct (*see, People v Alvino*, 71 NY2d 233; *People v Ponnapula*, 266 AD2d 32, 33, *lv denied* 94 NY2d 951).

We perceive no basis for reduction of sentence. Concur—Nardelli, J. P., Williams, Tom, Lerner and Friedman, JJ.