THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v PHILIP G. KLOSIN, Appellant. [725 NYS2d 478] —Judgment unanimously affirmed. Memorandum: On appeal from a judgment convicting him of murder in the second degree (Penal Law § 125.25 [3] [two counts]), robbery in the first degree (Penal Law § 160.15 [4]), and burglary in the first degree (Penal Law § 140.30 [4]), defendant contends that the People's presentation of false evidence rendered the Grand Jury proceedings defective and the evidence before the Grand Jury insufficient; that County Court committed reversible error in marshaling trial evidence that had not been presented to the Grand Jury; that defendant was deprived of a fair trial as a result of prosecutorial misconduct; that the verdict is against the weight of the evidence on the issue whether defendant caused the victim's death; that the court erred in permitting the victim's treating physician to testify concerning the cause of death; that the court erred in failing to give a missing witness charge; and that the sentence is unduly harsh or severe.

There is no indication that the People knowingly or deliberately presented false testimony before the Grand Jury, and thus there is no basis for finding that the integrity of the Grand Jury proceedings was impaired or the indictment rendered defective by the alleged false testimony (*see, People v Pelchat,* 62 NY2d 97, 107; *People v Andrews,* 274 AD2d 835, 837; *People*

*v Ponnapula,* 266 AD2d 32, *lv denied* 94 NY2d 951; *People v Bennett,* 244 AD2d 923, 925, *lv denied* 91 NY2d 889, 92 NY2d 847). The record is insufficient to enable us to review whether the alleged false testimony materially influenced the Grand Jury, thus giving rise to the requisite possibility of prejudice to defendant (*see, People v Mariani,* 203 AD2d 717, 719, *lv denied* 84 NY2d 869; *People v DeFreece,* 183 AD2d 842, 842-843; *People v Hutson,* 157 AD2d 574, *lv denied* 75 NY2d 967; *see generally,* CPL 210.35 [5]; *People v Huston,* 88 NY2d 400, 409). A challenge to the sufficiency of the evidence before the Grand Jury is not reviewable on appeal from a conviction rendered on legally sufficient evidence (*see,* CPL 210.30 [6]; *People v Russin* [appeal No. 1], 277 AD2d 880; *People v Kemp,* 273 AD2d 806). In any event, the sufficiency of the evidence before the Grand Jury is not affected by whether some of the evidence was later revealed to be mistaken or even perjurious (*see, People v Swamp,* 84 NY2d 725, 731). "Evidence later proven unreliable can legally support an indictment" (*People v Swamp, supra,* at 731).

The verdict is not against the weight of the evidence on the issue whether the fright and stress of the break-in and gunpoint robbery caused the victim's death two days later (*see, People v Burnett,* 205 AD2d 792, 793, *lv denied* 84 NY2d 866; *People v Seymour,* 183 AD2d 35, 36-37, *lv denied* 81 NY2d 766; *see generally, People v Ingram,* 67 NY2d 897; *Matter of Anthony M.,* 63 NY2d 270). The court properly refused to give a missing witness charge with respect to defendant's accomplice, who was living in England at the time of trial and thus was neither available to testify nor under the control of the People (*see, People v Delacruz,* 276 AD2d 387; *People v Escalera,* 220 AD2d 259, *lv denied* 87 NY2d 846; *see generally, People v Gonzalez,* 68 NY2d 424, 427-428).

We have considered defendant's remaining contentions and conclude that they are without merit. (Appeal from Judgment of Wyoming County Court, Griffith, J.—Murder, 2nd Degree.) Present—Pigott, Jr., P. J., Green, Wisner, Kehoe and Burns, JJ.