■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ALAN G. BAIRD, III, Appellant. [768 NYS2d 888]—

Appeal from a judgment of Oneida County Court (Dwyer, J.), entered July 8, 2002, convicting defendant after a jury trial of criminally negligent homicide.

It is hereby ordered that the judgment so appealed from be and the same hereby is unanimously affirmed, and the matter is remitted to Oneida County Court for proceedings pursuant to CPL 460.50 (5).

Memorandum: County Court properly permitted the police investigator who interviewed defendant and typed his written statement to testify regarding a change to the statement made by defendant and a question inadvertently omitted from the statement. That testimony did not constitute a violation of CPL 710.30 (1) (a) inasmuch as "the statement testified to was a reconfirmation of the statements that were contained in the People's statement notice and found voluntary at the *Huntley*

hearing" (*People v Ventura*, 250 AD2d 403, 404 [1998], *lv denied* 92 NY2d 931 [1998]). The court also properly exercised its discretion in refusing to permit a defense witness to testify on a collateral issue for the purpose of impeaching the credibility of a prosecution witness (*see People v Phillips*, 256 AD2d 733, 734 [1998]). We reject the further contention of defendant that the court erred in denying his motion to dismiss the indictment on the ground that the grand jury proceeding was defective (*see People v Andrews*, 274 AD2d 835, 836-837 [2000], *lv denied* 95 NY2d 960, 961 [2000]). Finally, the verdict is not against the weight of the evidence (*see People v Bleakley*, 69 NY2d 490, 495 [1987]). Present—Green, J.P., Hurlbutt, Scudder, Kehoe and Hayes, JJ.