People v Vandoren (2026 NY Slip Op 01650)

People v Vandoren

2026 NY Slip Op 01650

Decided on March 20, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on March 20, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, OGDEN, AND DELCONTE, JJ.

70 KA 22-01981

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vANTHONY M. VANDOREN, DEFENDANT-APPELLANT. 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (JAMES A. HOBBS OF COUNSEL), FOR DEFENDANT-APPELLANT. 
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (MARTIN P. MCCARTHY, II, OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered January 24, 2022. The judgment convicted defendant upon a plea of guilty of aggravated vehicular homicide. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of one count of aggravated vehicular homicide (Penal Law § 125.14 [4]). Defendant was originally charged in a 15-count indictment with various crimes stemming from an incident in which he drove his pickup truck over a double yellow center line and crashed head-on into a vehicle, which was occupied by two victims who died at the scene, while allegedly impaired by the use of various drugs. After one of the counts of the indictment was dismissed on the People's motion, defendant agreed to plead guilty to the abovementioned crime in full satisfaction of the remaining counts of the indictment. During the plea colloquy, he admitted, inter alia, that he was impaired by marihuana at the time of the incident.
Defendant contends that Supreme Court erred in refusing to dismiss the indictment on the ground that, for a number of reasons, the grand jury proceeding was defective pursuant to CPL 210.35 (5).
A grand jury proceeding is defective when, inter alia, the proceeding "fails to conform to the requirements of [CPL article 190] to such degree that the integrity thereof is impaired and prejudice to the defendant may result" (CPL 210.35 [5]; see People v Huston, 88 NY2d 400, 409 [1996]). Dismissal of an indictment under CPL 210.35 (5) is an "exceptional remedy" that "should . . . be limited to those instances where prosecutorial wrongdoing, fraudulent conduct or errors potentially prejudice the ultimate decision reached by the [g]rand [j]ury" (Huston, 88 NY2d at 409; see People v Simpson, 231 AD3d 1525, 1526 [4th Dept 2024], lv denied 43 NY3d 947 [2025]). " '[T]he statutory test, which does not turn on mere flaw, error or skewing[,] . . . is very precise and very high' " (People v Thompson, 22 NY3d 687, 699 [2014], rearg denied 23 NY3d 948 [2014], quoting People v Darby, 75 NY2d 449, 455 [1990]).
"Although the presence of alleged jurisdictional or constitutional defects in the grand jury proceeding that implicate the integrity of the process may survive a guilty plea and valid waiver of appeal" (People v Greene, 171 AD3d 1407, 1408 [3d Dept 2019]; see People v Hansen, 95 NY2d 227, 232 [2000]; People v Oliveri, 49 AD3d 1208, 1209 [4th Dept 2008]), we conclude that the grand jury minutes in this case do not disclose any such infirmities (see CPL 210.35 [5]; People v Busreth, 167 AD3d 1089, 1090 [3d Dept 2018], lv denied 33 NY3d 946 [2019]; see generally People v Sheppard, 221 AD3d 1513, 1514 [4th Dept 2023], lv denied 41 NY3d 985 [2024]).
Initially, defendant's contention that the integrity of the grand jury proceeding was [*2]impaired when the People failed to introduce evidence that he had received opiate pain medication while being transported to the hospital and prior to a court-ordered blood draw is actually a contention that the People failed to present exculpatory evidence, which defendant forfeited by pleading guilty (see People v Wilson, 197 AD3d 984, 985 [4th Dept 2021], lv denied 37 NY3d 1100 [2021]; People v Davis, 159 AD3d 1586, 1587 [4th Dept 2018], lv denied 31 NY3d 1080 [2018]; People v Rigby, 105 AD3d 1383, 1384 [4th Dept 2013], lv denied 21 NY3d 1019 [2013]). Additionally, that contention is encompassed by defendant's unchallenged waiver of the right to appeal (see People v Simmons, 27 AD3d 786, 787 [3d Dept 2006], lv denied 7 NY3d 763 [2006]; see generally People v Williams, 228 AD3d 1316, 1316-1317 [4th Dept 2024], lv denied 42 NY3d 972 [2024], reconsideration denied 42 NY3d 1055 [2024]). Similarly, defendant's contentions that the People improperly relied upon hearsay testimony during the grand jury proceeding and that the evidence before the grand jury was legally insufficient are also forfeited by the guilty plea (see Hansen, 95 NY2d at 230-233; People v Ferreira, 237 AD3d 479, 479 [1st Dept 2025], lv denied 44 NY3d 982 [2025]; People v Hill, 188 AD3d 1756, 1757 [4th Dept 2020], lv dismissed 37 NY3d 965 [2021], reconsideration denied 37 NY3d 1096 [2021]), and encompassed by the unchallenged waiver of the right to appeal (see Williams, 228 AD3d at 1316; People v Frasier, 105 AD3d 1079, 1080 [3d Dept 2013], lv denied 22 NY3d 1088 [2014]).
Finally, defendant contends that the integrity of the grand jury proceeding was impaired by the presentation of testimony that a drug identification field test performed on a substance found on his person was presumptively positive for fentanyl inasmuch as a subsequent laboratory test on that substance was negative for the presence of fentanyl. We reject that contention. Here, "[t]here is no indication that the People knowingly or deliberately presented false [or misleading] testimony before the [g]rand [j]ury, and thus there is no basis for finding that the integrity of the [g]rand [j]ury proceeding[ ] was impaired or the indictment rendered defective by the alleged false [or misleading] testimony" (People v Klosin, 281 AD2d 951, 951 [4th Dept 2001], lv denied 96 NY2d 864 [2001]; see People v Williams, 163 AD3d 1422, 1422-1423 [4th Dept 2018]; cf. People v Alexander, 136 AD2d 332, 336-337 [1st Dept 1988]; see generally People v Gaston, 177 AD2d 364, 364 [1st Dept 1991], lv denied 79 NY2d 857 [1992]).
Entered: March 20, 2026
Ann Dillon Flynn
Clerk of the Court