OPINION OF THE COURT
 

 Chief Judge Kaye.
 

 In this prosecution for burglary and related charges, the issue is whether a defendant who pleaded guilty forfeited the right to contend that the fact-finding process of the Grand Jury, culminating in an indictment against him, was impaired by the prosecutor’s introduction of inadmissible hearsay.
 

 During the Grand Jury presentation, the complainant, Harold Stickney, testified that shortly after midnight his wife awoke him after hearing noises outside their home, and called 911; that he saw defendant on their back porch holding a snow shovel; that he watched as defendant unsuccessfully tried to open the sliding glass door to the house, then kicked it in; and that, after pointing an antique gun at defendant, the two struggled and the police arrived. Washington County Deputy
 
 *229
 
 Sheriff Scott Stark testified that, at the scené, he saw Stickney on the ground, and also heard someone running from the house in the snow, whereupon he and his partners chased and apprehended defendant. According to Stark, defendant stated he was on the Stickney property to shovel snow.
 

 Defendant testified on his own behalf before the Grand Jury, admitting a history of alcohol and drug abuse. He claimed that on the night of the incident, he was “all strung out” on prescription medication, felt “extremely paranoid” and wanted to get some fresh air to cool down. Defendant acknowledged going onto the Stickney property, first to the garage and then to the porch, where he picked up a blue shovel that, in the light over the garage, prompted him to hallucinate. Then he saw Harold Stickney holding a gun.
 

 Following this testimony, the prosecutor played a portion of a videotaped television newscast containing first a reporter’s lead-in and then an interview with defendant. The reporter’s full remarks, about a minute in length, noted that elderly homeowners had thwarted an intruder in an attempted break-in, and that defendant was charged with the crime. The prosecutor played two portions of these remarks — the record does not reveal which portions were actually shown to the grand jurors — before fast-forwarding to defendant’s interview. In the interview, defendant claimed to have been on the Stickney property to help them shovel snow.
 

 After playing the videotape, the prosecutor advised the grand jurors that “the only thing we are offering this for, ladies and gentlemen, is the statement made by — that’s the basic statement, the statement that he gave.” The prosecutor then cross-examined defendant about his conflicting statements. At the conclusion of the proceedings, the prosecutor instructed the grand jurors that “only that portion of the tape where [defendant] is making a statement should be considered by you as evidence. The rest of it should be stricken from your deliberations in this case.” Defendant was indicted on charges of first degree burglary, attempted second degree burglary, second degree assault and first degree reckless endangerment.
 

 Defendant sought dismissal of the indictment on the ground that the Grand Jury proceeding was defective because the videotaped remarks amounted to unsworn hearsay that prejudiced him (CPL 210.20, 210.35). The motion court found that the prosecutor had played the reporter’s remarks inadvertently, and denied the application, concluding both that the
 
 *230
 
 prosecutor submitted the tape for the purpose of showing defendant’s contradictory statement and that the reporter’s remarks were, in substance, also testified to under oath by the witnesses in the Grand Jury. Defendant thereafter pleaded guilty to one count of attempted first degree burglary and the Appellate Division affirmed, concluding that defendant’s plea amounted to a “waiver” of the contention that the videotape was improperly admitted before the Grand Jury. We now affirm.
 

 Discussion
 

 A plea of guilty, as we have repeatedly observed, generally marks the end of a criminal case, not a gateway to further litigation (Pe
 
 ople v Taylor,
 
 65 NY2d 1, 5). As a rule, a defendant who in open court admits guilt of an offense charged may not later seek review of claims relating to the deprivation of rights that took place before the plea was entered (see,
 
 People v Di Raffaele,
 
 55 NY2d 234, 240; see
 
 also, Tollett v Henderson,
 
 411 US 258, 267). This is so because a defendant’s “conviction rests directly on the sufficiency of his plea, not on the legal or constitutional sufficiency of any proceedings which might have led to his conviction after trial”
 
 (People v Di Raffaele, supra,
 
 at 240). A guilty plea will thus encompass a waiver of specific rights attached to trial, such as the right to a trial by jury and to confrontation, and it will also effect a forfeiture of the right to revive certain claims made prior to the plea.
 
 [1]
 

 A guilty plea does not, however, extinguish every claim on appeal. The limited issues surviving a guilty plea in the main relate either to jurisdictional matters (such as an insufficient accusatory instrument) or to rights of a constitutional dimension that go to the very heart of the process (such as the constitutional speedy trial right, the protection against double jeopardy or a defendant’s competency to stand trial)
 
 (see, People ex rel. Battista v Christian,
 
 249 NY 314, 318;
 
 People v Beattie,
 
 80 NY2d 840, 842;
 
 see also,
 
 Rosenblatt, Cohen and Brownstein,
 
 Criminal Appellate Practice,
 
 in Ostertag and Benson, General Practice in New York § 38.8, at 32 [25 West’s New York
 
 *231
 
 Practice Series, 1998]).
 
 [2]
 
 The critical distinction is between defects implicating the integrity of the process, which may survive a guilty plea, and less fundamental flaws, such as evidentiary or technical matters, which do not.
 
 [3]
 

 Defendant contends that his guilty plea did not “waive” his right to seek dismissal of the indictment on the ground that the prosecutor, by showing portions of the videotaped reporter’s remarks, impaired the integrity of the Grand Jury proceeding. Defendant’s claim, actually a matter of forfeiture, does not activate a question of jurisdiction. Before a person may be publicly accused of a felony, and required to defend against such charges, the State must persuade a Grand Jury that sufficient legal reasons exist to believe the person guilty
 
 (People v Iannone,
 
 45 NY2d 589, 594). That occurred here. An indictment is rendered jurisdictionally defective only if it does not charge the defendant with the commission of a particular crime, by, for example, failing to allege every material element of the crime charged, or alleging acts that do not equal a crime at all
 
 (id.,
 
 at 600). In this case, the Grand Jury returned a valid and sufficient accusatory instrument enabling the court to acquire jurisdiction to try defendant, and requiring him to proceed to trial as to a specific criminal transaction (NY Const, art I, § 6;
 
 People ex rel. Battista, supra,
 
 249 NY, at 319;
 
 People v Ford,
 
 62 NY2d 275, 281-282).
 

 Additionally, a defendant may not forfeit a claim of a constitutional defect implicating the integrity of the process. Ordinarily, following a defendant’s admission of culpability as to the crime charged, a guilty plea does forfeit a claim “that
 
 *232
 
 the criminal proceedings preliminary to trial were infected with impropriety and error”
 
 (People v Di Raffaele, supra,
 
 at 240). As the United States Supreme Court has explained, a guilty plea “renders irrelevant those constitutional violations not logically inconsistent with the valid establishment of factual guilt and which do not stand in the way of conviction, if factual guilt is validly established”
 
 (Menna v New York,
 
 423 US 61, 63, n 2,
 
 supra).
 
 Flaws of an evidentiary or technical nature are thus forfeited by a guilty plea.
 

 Defendant in essence seeks a review of the fact-finding process engaged in by the grand jurors with respect to the videotaped remarks. While his constitutional right to be prosecuted on a jurisdictionally valid indictment survived the guilty plea, his right to challenge this evidence did not
 
 (see, People v Sobotker,
 
 61 NY2d 44, 48 [although a constitutional right may survive a guilty plea, a related statutory right is forfeited if it confers more than the Constitution requires]). To allow such a right to survive here would be fundamentally inconsistent with the plea of guilty, because, at its base, the claim essentially relates to the quantum of proof required to satisfy the factual elements of the crimes considered by the Grand Jury
 
 (see, People v Dunbar,
 
 53 NY2d 868, 871). Having pleaded guilty, defendant is not now entitled to revisit an evidentiary error in a pretrial proceeding
 
 (see, People v Di Raffaele, supra,
 
 at 240). (We note that defendant, who was present during the showing of the videotape, does not indicate which portions the grand jurors actually saw.)
 

 Defendant’s reliance on
 
 People v Pelchat
 
 (62 NY2d 97), is misplaced. In
 
 Pelchat,
 
 the prosecutor knowingly allowed the defendant to enter a guilty plea to a marihuana offense even though there was no evidence before the Grand Jury to support the belief that the defendant had committed a crime. We recognized that the integrity of the criminal justice system would be impaired if a criminal proceeding could continue even after the prosecutor learned that jurisdiction was based on an empty indictment. The prosecutor’s knowledge that the only evidence supporting the accusatory instrument was false rendered the instrument void, and placed the defendant’s claim in that category of rights surviving a guilty plea.
 
 Pelchat
 
 hinged substantially on the constitutional function of the Grand Jury to indict, as well as on the prosecutor’s duty of fair dealing.
 

 By contrast, here, the motion court held that there was sufficient evidence before the Grand Jury to support every ele
 
 *233
 
 ment of the crimes charged. Obviously, on a motion to dismiss the indictment, the fact that inadmissible evidence, inadvertently adduced, has been introduced into criminal proceedings does not necessarily alter the validity of the proceedings; rather, such a defect renders the indictment dismissible when the remaining evidence is insufficient to sustain the indictment
 
 (People v Avant,
 
 33 NY2d 265, 271). After a guilty plea, however, the sufficiency of the evidence before the Grand Jury cannot be challenged
 
 (People v Kazmarick,
 
 52 NY2d 322, 326).
 

 Defendant relies additionally on our statement that “defects in Grand Jury proceedings (as opposed to claims of insufficiency of evidence to support the indictment, which are barred by CPL 210.30 [6]) may be raised even after a plea of guilty”
 
 (People v Wilkins,
 
 68 NY2d 269, 277, n 7). However, our decision in
 
 People v Dunbar
 
 (53 NY2d 868,
 
 supra),
 
 upon which the
 
 Wilkins
 
 footnote relied, was limited to review of a defect alleged to be of a jurisdictional nature: whether a nonresident Special Assistant District Attorney had authority to present a matter to a Grand Jury
 
 (People v Dunbar, supra,
 
 at 871). Jurisdictional matters, of course, do survive the entry of a guilty plea. Thus,
 
 Wilkins
 
 does not expand the limited group of issues that survive a guilty plea.
 

 Accordingly, the order of the Appellate Division should be affirmed.
 

 Judges Smith, Levine, Ciparick, Wesley and Rosenblatt concur.
 

 Order affirmed.
 

 [1]
 

 . Forfeiture occurs by operation of law as a consequence of the guilty plea, with respect to issues that do not survive the plea. Waiver occurs when a defendant intentionally relinquishes or abandons a known right that would otherwise survive a guilty plea
 
 (see, People v Thomas,
 
 53 NY2d 338, 342, n 2). A waiver of the claims that survive a guilty plea may also be bargained-for, such as the waiver of the right to appeal
 
 (People v Seaberg,
 
 74 NY2d 1, 10).
 

 [2]
 

 . A defendant may raise, after a guilty plea, certain constitutional claims such as the voluntariness of a plea
 
 (People v Seaberg, supra,
 
 74 NY2d, at 10); speedy trial claims
 
 (People v Blakley,
 
 34 NY2d 311, 314); double jeopardy claims
 
 (Menna v New York,
 
 423 US 61); competence to stand trial
 
 (People v Armlin,
 
 37 NY2d 167, 172;
 
 People v Francabandera,
 
 33 NY2d 429, 434-435); and the constitutionality of a statute under which the defendant was convicted
 
 (People v Lee,
 
 58 NY2d 491, 494).
 

 [3]
 

 . Claims that are foreclosed by a guilty plea have, for example, included pre-indictment prosecutorial misconduct
 
 (People v Di Raffaele,
 
 55 NY2d 234,
 
 supra)-,
 
 selective prosecution
 
 (People v Rodriguez,
 
 55 NY2d 776); failure to provide CPL 710.30 notice
 
 (People v Taylor,
 
 65 NY2d 1,
 
 supra)-,
 
 the statutory right to a speedy trial
 
 (People v Friscia,
 
 51 NY2d 845;
 
 People v Brothers,
 
 50 NY2d 413); the denial of an application for leave to file a late motion to suppress
 
 (People v Petgen,
 
 55 NY2d 529); transactional immunity
 
 (People v Flihan,
 
 73 NY2d 729); the exercise of alleged discriminatory peremptory challenges
 
 (People v Green,
 
 75 NY2d 902); an ex post facto challenge to an evidentiary rule change
 
 (People v Latzer,
 
 71 NY2d 920); and alleged unconstitutional statutory presumptions
 
 (People v Thomas,
 
 53 NY2d 338,
 
 supra).