■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v EFRAIN ROSARIO, Also Known as RUBEN SANCHEZ, Appellant. [764 NYS2d 625] —Judgment, Supreme Court, Bronx County (Laura Safer-Espinoza, J.), rendered November 1, 2000, convicting defendant, upon his plea of guilty, of criminal sale of a controlled substance in the third degree and promoting prison contraband in the first degree, and sentencing him to concurrent terms of 2 to 6 years and 6 months, respectively, unanimously affirmed.

Defendant's valid waiver of his right to appeal precludes review of his present claims (*People v Seaberg*, 74 NY2d 1, 9-10 [1989]). In any event, were we to find that review was not precluded, we would find no basis for reduction of the controlled substance conviction to an attempt, or for reduction of sentence. Concur—Buckley, P.J., Nardelli, Tom, Mazzarelli and Gonzalez, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v DENNIS NAGLE, Appellant. [764 NYS2d 625] —Judgment, Supreme Court, New York County (Herbert Altman, J., on motions; Michael Obus, J., at plea and sentence), rendered July 30, 2001, convicting defendant of attempted computer trespass, and sentencing him to a conditional discharge with five days of community service and a $500 fine, unanimously affirmed.

Defendant's claim that he was entitled to immunity from the use of certain evidence he furnished at the direction of his employer essentially constitutes a claim that his indictment was based on inadmissible evidence. Accordingly, his guilty plea forecloses review of this argument (*see People v Hansen*, 95 NY2d 227 [2000]).

The motion court properly denied defendant's suppression motion without a hearing (*see* CPL 710.60 [3]; 60.45 [2]).

We have considered and rejected defendant's remaining claims. Concur—Buckley, P.J., Nardelli, Tom, Mazzarelli and Gonzalez, JJ.