THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v RAFAEL D. DELAROSA, Appellant. [851 NYS2d 775]—

Appeal from a judgment of the Ontario County Court (Frederick G. Reed, J.), rendered June 13, 2005. The judgment convicted defendant, upon his plea of guilty, of robbery in the first degree.

It is hereby ordered that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of robbery in the first degree (Penal Law § 160.15 [4]). Defendant failed to move to withdraw his plea or to vacate the judgment of conviction and thus failed to preserve for our review his challenge to the voluntariness of his plea (*see People v Aguayo*, 37 AD3d 1081 [2007], *lv denied* 8 NY3d 981 [2007]). We agree with defendant that, by pleading guilty, he did not forfeit his contention that the People failed to disclose exculpatory evidence prior to the entry of his *Alford* plea (*see generally People v Hansen*, 95 NY2d 227, 230-231

[2000]). " '[T]he law . . . appears to be settled . . . [that] *Brady* material must be disclosed in time for its effective use at trial . . . or at a plea proceeding' " (*People v Reese*, 23 AD3d 1034, 1036 [2005], *lv denied* 6 NY3d 779 [2006], quoting *United States v Coppa*, 267 F3d 132, 135 [2001] [emphasis omitted]), and it would undermine *Brady*'s disclosure requirements if a defendant were deemed to have waived a *Brady* issue by entering an *Alford* plea without the knowledge that the People possessed exculpatory evidence. Nevertheless, we conclude that there was no *Brady* violation based on the prosecutor's failure to provide defendant with the written statement of a witness inasmuch as it was duplicative of comments made by the witness during a 911 call that was recorded and disclosed to defendant before he entered his plea. *"Brady* does not . . . require prosecutors to supply a defendant with evidence when the defendant knew of, or should reasonably have known of, the evidence and its exculpatory nature" (*People v Doshi*, 93 NY2d 499, 506 [1999]; *see People v LaValle*, 3 NY3d 88, 110 [2004]; *People v Terry*, 19 AD3d 1039, 1040 [2005], *lv denied* 5 NY3d 833 [2005]). Present—Hurlbutt, J.P., Smith, Fahey, Peradotto and Pine, JJ.