OPINION OF THE COURT
Elisa S. Koendebman, J.
The defendant Steven Singh moves to vacate his judgment of conviction for attempted criminal possession of a controlled substance in the seventh degree, claiming that his plea of guilty to that offense is invalid because the complaint was never properly converted to a misdemeanor information pursuant to Criminal Procedure Law § 170.65 and because he never waived his right to be prosecuted by a misdemeanor information.*
On July 14, 2001 the defendant and codefendants Verapin Ramnarine and Ajai Madramootoo were arraigned on a felony complaint charging them, acting in concert, with one count each of criminal possession of a controlled substance in the third degree (Penal Law § 220.16 [1]), criminal possession of a controlled substance in the fifth degree (Penal Law § 220.06 [5]) and criminal possession of a controlled substance in the seventh degree (Penal Law § 220.03).
On October 4, 2001 the People moved to reduce the felony complaint pursuant to Criminal Procedure Law § 180.50 by dismissing the felony charges of criminal possession of a controlled substance in the third and fifth degrees, which left the misdemeanor charge of criminal possession of a controlled substance in the seventh degree as the sole remaining count. The felony complaint was converted to a misdemeanor information by notations upon it which made the necessary and appropriate changes in the title of the instrument and in the names of the offenses charged {see CPL 180.50 [3] [a] [iii]).
The information alleges that at approximately 1:40 a.m. on July 14, 2001, at the corner of 153rd Street and 142nd Avenue in Queens County, Detective Michael DiFrancisco of the Southeast Queens Initiative observed the defendant and five other *926 individuals inside a 1991 black Acura. The defendant was sitting in the driver’s seat. Detective DiFrancisco recovered a dollar bill containing 500 milligrams of cocaine from the rear floor of the vehicle. Detective DiFrancisco concluded that the substance recovered was cocaine based upon “his experience as a police officer and his training in the identification and packaging of controlled substances and marihuana.”
On October 30, 2001 the People filed a laboratory report confirming that the substance recovered contained nine grains of cocaine. Thereafter, the defendant pleaded guilty to the charge of attempted criminal possession of a controlled substance in the seventh degree in exchange for a sentence of a conditional discharge. The defendant stated that he understood that by pleading guilty he was giving up his right to a trial where he could cross-examine the prosecution witnesses and call witnesses on his own behalf. Further, he admitted that he had attempted to possess cocaine at the time and place alleged in the information.
The defendant argues that because the court never deemed the complaint an information on the record and because the defendant was not arraigned on the information, the complaint was not “properly converted” and therefore, in order for the defendant’s plea to be valid, he was required to expressly waive the right to be prosecuted by an information.
A misdemeanor complaint may not serve as the basis for prosecution unless the defendant expressly waives the right to be prosecuted by a misdemeanor information (see People v Kalin, 12 NY3d 225, 231 [2009]). In the absence of such a waiver, the sufficiency of the accusatory instrument must be evaluated under the standards that apply to an information (id.). An accusatory instrument which does not satisfy the prima facie case requirement for a misdemeanor information as specified in Criminal Procedure Law § 100.40 is jurisdictionally defective (id.). Here, contrary to his contention, the defendant pleaded guilty upon a jurisdictionally sufficient replacing information. Accordingly, he was not required to expressly waive his right to be prosecuted by a misdemeanor information and is not entitled to vacatur of his conviction on that ground.
The court’s failure to state for the record that it was deeming the complaint an information does not render the information jurisdictionally defective. The minutes of the October 30, 2001 adjournment demonstrate that all the parties understood that the People were filing the laboratory report, as believed to be *927 required, in order to convert the complaint to an information. In fact, with or without the laboratory report, the complaint was an information, regardless of whether the court formally declared it to be such (see id. at 231 [a laboratory report was unnecessary to set forth a prima facie case where an officer’s assertions that his training and experience in conjunction with his observation of the substance and its packaging supplied the basis for his conclusion that the substance recovered was heroin and marihuana]). The jurisdictional sufficiency of the information does not depend on the utterance of words equivalent to a rote incantation by the court. Moreover, the clear inference to be drawn from the fact that the defendant entered his plea immediately after the People filed the laboratory report, which at that time was thought to be necessary to set forth a prima facie case, is that the defendant understood that he was pleading guilty to a misdemeanor information.
Furthermore, by pleading guilty, the defendant forfeited any claim that he was not arraigned on the replacing information as required by statute. In general, a guilty plea “marks the end of a criminal case, not a gateway to further litigation” (People v Konieczny, 2 NY3d 569, 572 [2004], quoting People v Hansen, 95 NY2d 227, 230 [2000]). Where a defendant pleads guilty, the “conviction rests directly [up]on the sufficiency of [the] plea, not on the legal or constitutional sufficiency of any proceedings which might have led to [a] conviction after trial” (id. [citations omitted]). The limited issues which survive a guilty plea “relate either to jurisdictional matters (such as an insufficient accusatory instrument) or to rights of constitutional dimension that go to the very heart of the process (such as the constitutional speedy trial right, the protection against double jeopardy or a defendant’s competency to stand trial)” (id. at 573 [citations omitted]). “The critical distinction is between defects implicating the integrity of the process, which may survive a guilty plea, and less fundamental flaws, such as evidentiary or technical matters, which do not” (Hansen, 95 NY2d at 231). Thus, the latter are forfeited by a guilty plea (id. at 232).
A statutory violation which does not implicate a constitutional right is not a jurisdictional defect (see Konieczny, 2 NY3d at 574). Even in cases where a constitutional right survives a plea, a related statutory right is forfeited if the statute would confer upon the defendant greater protection than the Constitution demands (see People v Taylor, 65 NY2d 1, 6 [1985]). Thus, a claim based upon constitutional speedy trial grounds survives a *928 guilty plea but one based upon the related statutory right pursuant to Criminal Procedure Law § 30.30 does not (see id.). The right to be arraigned on a replacing information is a statutory right, which, although attached to the right to be prosecuted by a misdemeanor information, does not implicate a matter of either jurisdictional or constitutional dimension. Indeed, the defendant was previously arraigned on the felony complaint which included the charge contained in the misdemeanor information. The failure to arraign the defendant on the replacing information therefore qualifies as a technical matter which is forfeited by the defendant’s guilty plea (see Hansen, 95 NY2d at 232).
In sum, the replacing information sufficiently pleaded each element of the charged crimes and was jurisdictionally sufficient. Consequently, the defendant’s challenge to its sufficiency, as well as his claim that he was not arraigned upon an information as required by statute, is forfeited by his guilty plea (see Kalin, 12 NY3d at 232). Accordingly, the motion to vacate his judgment of conviction is denied.

 Although the defendant cites the incorrect statutory provision (CPL 220.60, which allows a court to permit a defendant to withdraw a plea of guilty prior to sentencing) as the ground for his motion, this court will construe the instant motion as one made under CPL 440.10 (1) (a), which permits a court, at any time after the entry of a judgment, upon motion of the defendant, to vacate such judgment upon the ground that the court lacked jurisdiction of the action or the person of the defendant.