# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

651

KA 10-02302

PRESENT: SCUDDER, P.J., SMITH, CARNI, LINDLEY, AND MARTOCHE, JJ.

---

THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,

V                                                          MEMORANDUM AND ORDER

TRAVIS SERVEY, DEFENDANT-APPELLANT.

---

LIPSITZ GREEN SCIME CAMBRIA, LLP, BUFFALO (TIMOTHY P. MURPHY OF COUNSEL), FOR DEFENDANT-APPELLANT.

DAVID W. FOLEY, DISTRICT ATTORNEY, MAYVILLE (LAURIE M. BECKERINK OF COUNSEL), FOR RESPONDENT.

---

Appeal from a judgment of the Chautauqua County Court (John T. Ward, J.), rendered August 5, 2010. The judgment convicted defendant, upon his plea of guilty, of burglary in the third degree.

It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.

Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of burglary in the third degree (Penal Law § 140.20). Defendant contends that County Court erred in sentencing him without first receiving and considering a presentence report pursuant to CPL 390.20 (1). Although defendant failed to preserve that contention for our review (*see* CPL 470.05 [2]), he further contends that this Court nevertheless should review it pursuant to the "narrow exception to preservation where a mode of proceedings error affects a court's jurisdiction and power over a defendant" (*People v Williams*, 14 NY3d 198, 220, *cert denied* ___ US ___, 131 S Ct 125). Here, however, the record establishes that the prosecutor indicated that the pre-plea report would serve as the presentence report, whereupon defendant indicated that he was ready to proceed with the plea and sentencing that same day. We thus conclude that defendant is deemed to have waived his present contention concerning the presentence report. In any event, even assuming, arguendo, that defendant did not waive his present contention, we conclude that this is not such an error "implicating the integrity of the process" such that preservation would not be required in the absence of the waiver (*People v Hansen,* 95 NY2d 227, 231).

Contrary to defendant's further contention, the sentence is not

unduly harsh or severe.

Entered:  June 8, 2012                    Frances E. Cafarell
                                          Clerk of the Court