People v Manragh (2018 NY Slip Op 07924)

People v Manragh

2018 NY Slip Op 07924 [32 NY3d 1101]

November 20, 2018

Court of Appeals

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

As corrected through Wednesday, January 30, 2019

[*1]

The People of the State of New York, Respondent,
v
Rohan Manragh, Jr., Appellant.

Argued October 11, 2018; decided November 20, 2018

People v Manragh, 150 AD3d 762, affirmed.

APPEARANCES OF COUNSEL

Thomas E. Scott, Melville, for appellant.
Timothy D. Sini, District Attorney, Riverhead (Caren C. Manzello of counsel), for respondent.

{**32 NY3d at 1102} OPINION OF THE COURT

Memorandum.
The order of the Appellate Division should be affirmed. Defendant, who pleaded guilty, claims his guilty plea was entered involuntarily and the indictment must be dismissed because the prosecutor failed to notify the grand jury of his request to call a particular witness, and failed to allow the grand jury to vote whether to hear that witness, in violation of Criminal Procedure Law § 190.50 (6). Defendant does not contend that the evidence before the grand jury was insufficient to support the indictment. Instead, defendant claims that the prosecutor's conduct impaired the integrity of the grand jury proceeding and argues his motion to dismiss the indictment for defective grand jury proceedings on that ground is not forfeited by his guilty plea. The Appellate Division held that defendant's plea was entered voluntarily, knowingly, and intelligently and that "[b]y pleading guilty, the defendant forfeited his contention that his motion to dismiss the indictment should have been granted" (150 AD3d 762, 762 [2017]). We granted leave to appeal (29 NY3d 1130 [2017]), and now affirm.
On review of the record as a whole, we agree that defendant entered his guilty plea "understandingly and voluntarily" (People v Harris, 61 NY2d 9, 19 [1983]) and that the County Court did not improvidently exercise its discretion in refusing to allow defendant to withdraw his plea (CPL 220.60 [3]). Nonetheless, we have explained that even after entering a valid guilty plea, "a defendant may not forfeit a claim of a constitutional [*2]defect implicating the integrity of the process" (People v Hansen, 95 NY2d 227, 231 [2000]) and we have recognized that certain claimed defects in a grand jury proceeding rise to this level (see e.g. Hansen, 95 NY2d at 232 [claims implicating "the constitutional function of the Grand Jury to indict" or "the prosecutor's duty of fair dealing" survive a guilty plea]; People v Pelchat, 62 NY2d 97, 108 [1984] [claim that prosecutor knew, and concealed from the grand jury, his knowledge that there was no evidence to support the indictment survives a guilty plea]).
Defendant's claim in this case rests on the purported exclusion of a witness, the substance of whose testimony was{**32 NY3d at 1103} contained in an affidavit provided to the courts below. That proffered testimony was largely inadmissible and, in any event, would have inculpated him by establishing that he had a relationship with the complainant and had been in her presence in violation of an order of protection. The exclusion of such testimony before the grand jury does not present "a constitutional defect implicating the integrity of the process" (Hansen, 95 NY2d at 231) and accordingly the claimed violation in this case did not survive defendant's guilty plea.
In light of defendant's forfeiture of this claim, his remaining contentions have been rendered academic.

Rivera, J. (concurring).
Defendant Rohan Manragh, Jr., challenges his conviction upon his guilty plea. I agree with the majority that the Appellate Division should be affirmed because all of defendant's grounds for reversal are without merit. However, the majority has improperly merged the forfeiture and merits analysis of defendant's claim regarding the integrity of the grand jury process. While this doctrinal misstep does not affect the outcome here, the majority creates confusion as to the proper application of the law to future cases. I write to clarify that the question whether a defendant's guilty plea works a forfeiture of an appellate claim is a threshold matter as to the opportunity for judicial review of a type of claim, and not a merits-based determination or a ruling on the proper remedy for a proven error.
I.
Defendant argues, inter alia, that his conviction should be reversed because the integrity of the grand jury proceeding was impaired when the prosecutor did not ask the grand jury to vote on whether to call a witness whom defendant requested. The People concede that the prosecutor did not put the witness to a vote but contend that defendant's guilty plea works a forfeiture of the claim and, alternatively, that his claim is without merit because the prosecutor acted within her discretion to exclude from grand jury consideration what amounts to hearsay testimony.
[*3]The State Constitution expressly requires that "[n]o person shall be held to answer for a capital or otherwise infamous crime . . . unless on indictment of a grand jury" (NY Const, art I, § 6; see People v Iannone, 45 NY2d 589, 593 n 3 [1978]). The legislature imposed this requirement to protect "the people of this State from potentially oppressive excesses by the agents{**32 NY3d at 1104} of the government in the exercise of the prosecutorial authority vested in the State" (Iannone, 45 NY2d at 594 [citation omitted]). Indeed, such a check on the government is necessary given the onerous task of defending oneself against criminal charges (see id.). "As the constitutional 'check' on the prosecutorial power of the State and in its accusatory role, the grand jury 'remains the exclusive judge of the facts with respect to any matter before it' " (People v Guerrero, 28 NY3d 110, 119 [2016, Rivera, J., dissenting], quoting People v Pelchat, 62 NY2d 97, 105 [1984]).
Article 190 of the Criminal Procedure Law, titled "The Grand Jury and Its Proceedings," sets forth the process that ensures the proper and unobstructed exercise of the grand jury power. As relevant to defendant's claim, pursuant to CPL 190.50 (6), a defendant may "request the grand jury, either orally or in writing, to cause a person designated by him to be called as a witness in such proceeding." After reviewing any such request, "[t]he grand jury may as a matter of discretion grant such request and cause such witness to be called pursuant to subdivision three" (CPL 190.50 [6]). Subdivision (3) provides:
"The grand jury may cause to be called as a witness any person believed by it to possess relevant information or knowledge. If the grand jury desires to hear any such witness who was not called by the people, it may direct the district attorney to issue and serve a subpoena upon such witness, and the district attorney must comply with such direction. At any time after such a direction, however, or at any time after the service of a subpoena pursuant to such a direction and before the return date thereof, the people may apply to the court which impaneled the grand jury for an order vacating or modifying such direction or subpoena on the ground that such is in the public interest. Upon such application, the court may in its discretion vacate the direction or subpoena, attach reasonable conditions thereto, or make other appropriate qualification thereof" (CPL 190.50 [3]).
In sum, the legislature has provided defendant the right to request the grand jury call a named witness, and therefore implicitly imposed an obligation on the prosecutor to honor this right by ensuring the request is put before the grand{**32 NY3d at 1105} jurors.[FN1] In accordance with CPL 190.50 (6), the prosecutor has no discretion to deny defendant's request.[FN2] 
[*4]
The People are incorrect that defendant's guilty plea forfeited his claim that the prosecutor's conduct impaired the grand jury proceeding. Further, as the text of CPL 190.50 (3) and (6) makes clear, the prosecutor could not unilaterally decide to avoid a vote on defendant's request. As I discuss below, and contrary to the majority's approach, we resolve this threshold issue by following distinct analytic steps.
II.
A forfeiture is the loss of a right, privilege, or property due to a crime (Black's Law Dictionary [10th ed 2014], forfeiture). It automatically "occurs by operation of law as a consequence of a guilty plea, with respect to issues which as a matter of policy the law does not permit to survive such a plea" (People v Thomas, 53 NY2d 338, 342 n 2 [1981]; see People v Hansen, 95 NY2d 227, 230 n 1 [2000]). This forfeiture of claims is consistent with the understanding that a guilty plea "marks the end of a criminal case, not a gateway to further litigation" (People v Taylor, 65 NY2d 1, 5 [1985]), and reflects the fact that a guilty plea shifts the propriety of a conviction to the sufficiency of the plea (People v Di Raffaele, 55 NY2d 234, 240 [1982] ["(W)here defendant has by his plea admitted commission of the crime with which he was charged, his plea renders irrelevant his contention that the criminal proceedings preliminary to trial were infected with impropriety and error; his conviction rests directly on the sufficiency of his plea, not on the legal or constitutional sufficiency of any proceedings which might have led to his conviction after trial"]). Notwithstanding this interest in "mark[ing] the end of a criminal case," and forfeiture's {**32 NY3d at 1106}general application in furtherance of that goal, forfeiture is neither an absolute nor inevitable rule of claim foreclosure but a rule contingent on the nature of the claim. While a guilty plea "effect[s] a forfeiture of the right to revive certain claims made prior to the plea, [it] does not, however, extinguish every claim on appeal" (Hansen, 95 NY2d at 230). Claims which are not forfeited by a guilty plea are preserved by legislative design or judicial recognition (see Taylor, 65 NY2d at 5; CPL 710.70 [2] [providing that an order denying a suppression motion may be appealed notwithstanding a guilty plea]).
The Court has excluded from forfeiture those claims that relate to a fundamental matter distinct from challenges related to the factual elements of the crime charged; these include "jurisdictional matters" and "rights of a constitutional dimension that go to the very heart of the process" (Hansen, 95 NY2d at 230). Moreover, while indictments are presumed valid and rarely open to post-conviction attack, courts have "inherent powers to dismiss an indictment" under certain circumstances, notwithstanding a defendant's guilty plea (Pelchat, 62 NY2d at 106 [noting that courts have properly dismissed indictments where there was a total lack of evidence before the grand jury, the grand jury testimony was perjured, and the indictment was founded on hearsay, even when there was otherwise reliable evidence to support the indictment, and defendant pleaded guilty]).
A court's first task, then, is to determine whether the defendant's appellate argument invokes the type of claim that survives a guilty plea based on the nature of the claim itself, without reference to the merits of the defendant's challenge. If the claim survives the plea, then, and only then, does the court consider the merits of the claim. In other words, once the court determines the defect is of a jurisdictional nature or of a kind that impairs the process, the court may reach the merits and decide whether the defect warrants a remedy.
Here, the threshold determination is made simple because as the majority explains, certain defects in a grand jury proceeding are not forfeited by a guilty plea (majority mem at 
1102). As in Pelchat and People v Hill (5 NY3d 772 [2005]), defendant's claim is based on the constitutional function of the grand jury to indict, and on the prosecutor's duty to comply with the statutorily prescribed process set forth in CPL 190.50. In Pelchat, the focus was on the prosecutor's duty of fair dealing (Hansen, 95 NY2d at 232, citing Pelchat, 62 NY2d at 97). The{**32 NY3d at 1107} prosecution's dual role of advocate and public officer charges it "with the duty not only to secure indictments but also to see that justice is done" (Lancaster, 69 NY2d at 26). A prosecutor's legislatively imposed duty to submit the name of a defendant's proffered witness to the grand jurors is of no less significance to the integrity of the process than a general duty to act with due consideration is to the fairness of the process. In Hill, a case with similar undertones to the instant appeal, we held that a prosecutor's inaccurate and misleading answer to grand jury questions regarding a defendant's requested witnesses "substantially undermin[es] the integrity of the proceeding and potentially prejudic[es] defendant" (Hill, 5 NY3d at 773). Certainly, a prosecutor's refusal to even present the witness's name is of equal if [*5]not greater impact on the fairness of the process. In the former case, the grand jurors at least know that the defendant has submitted witnesses that the defendant believes may shed light on the alleged crime and defendant's supposed involvement, but in the latter, the grand jury is expected to render a decision with life-changing consequences for a defendant without any knowledge or opportunity to consider whether the defendant's proposed witness may assist in the grand jury's decision-making process.
The majority ignores this two-step process and instead concludes that because the underlying claim is without merit, defendant has forfeited his claim. That puts the cart before the horse because an appellate court cannot consider the merits of defendant's challenge to the prosecutor's actions if defendant forfeited his claim. Essentially, the majority has added a prejudice requirement which we have never imposed and which has no place in the analysis. Notably, our legislature recognizes that impairment of the grand jury process may not cause prejudice to a defendant. Thus, section 210.35 (5) of the CPL permits dismissal of an indictment only where the integrity of the grand jury proceeding is impaired and prejudice to the defendant may result from such impairment.
III.
The fact that the prosecutor did not permit a vote on defendant's named witness does not end the inquiry because, as a final step in the analysis, we must decide what, if any, remedy is warranted by the specific defect that tainted defendant's grand jury proceedings. Contrary to defendant's argument, on the facts of this appeal, the defect does not warrant reversal of{**32 NY3d at 1108} his conviction or dismissal of the indictment. As the majority sets forth, the proffered testimony was largely inadmissible and inculpatory (majority mem at 
1103).[FN3]
The correct process here was for the prosecutor to submit the name of the witness to the grand jury and, if she so chose, then explain why the witness would not have provided information of value to the grand jurors' deliberations. If the grand jurors had directed the prosecutor to issue and serve a subpoena on the witness, the prosecutor would not have been without recourse. She could have sought a court order under CPL 190.50 (3) "vacating or modifying such direction or subpoena on the ground that such is in the public interest." Although that did not occur here, the conviction should stand for the reasons upon which the majority and I agree.
Chief Judge DiFiore and Judges Stein, Garcia, Wilson and Feinman concur; Judge Rivera concurs in result in an opinion in which Judge Fahey concurs.
Order affirmed, in a memorandum.

Footnotes

Footnote 1:Although the prosecutor could not avoid presenting the witness's name for a vote, the prosecutor was free, in the role of advisor to the grand jury, to explain that the witness did not have relevant information and primarily offered inadmissible hearsay testimony, and if unpersuasive in this effort, the prosecutor could have sought a court order quashing the subpoena or limiting the witness's testimony as provided in CPL 190.50 (3) (see People v Lancaster, 69 NY2d 20, 26 [1986] [holding that the prosecutor's duty of fair dealing extends to the submission of evidence and instructions of law to the grand jury]).

Footnote 2:The People assert that defendant testified to the grand jury and discussed his proposed witness but do not argue that the mandates of CPL 190.50 (6) were met by this testimony. Thus, for purposes of my discussion, I assume the prosecutor refused to submit the witness name to a grand jury vote.

Footnote 3:Defendant argues that the indictment should have been dismissed due to the prosecution's procedural error, but does not assert any claim as to the manner in which the proffered testimony was exculpatory as to his multicount indictment. Accordingly, I have no occasion to opine on the exculpatory value of the proffered testimony.