The People of the State of New York, Respondent,
against
Lavon Dease, Appellant.




Alan Ross, for appellant.
Kings County District Attorney (Leonard Joblove and Thomas M. Ross of counsel), for respondent.

Appeal from a judgment of the Criminal Court of the City of New York, Kings County (Joanne D. Quiñones, J.), rendered March 23, 2017. The judgment convicted defendant, upon his plea of guilty, of driving while intoxicated per se, and imposed sentence.




ORDERED that the judgment of conviction is affirmed.
Defendant pleaded guilty, after two days of trial, to driving while intoxicated per se (Vehicle and Traffic Law § 1192 [2]) in full satisfaction of an accusatory instrument charging him with multiple traffic offenses. On appeal, defendant does not challenge the validity of his guilty plea, but contends that the judgment of conviction and his plea should be vacated because the prosecutor deprived him of a fair trial by knowingly introducing false testimony.[FN1]


The Court of Appeals has repeatedly observed that "a plea of guilty generally 'marks the end of a criminal case, not a gateway to further litigation' " (People v Pacherille, 25 NY3d 1021, 1022-1023 [2015], quoting People v Taylor, 65 NY2d 1, 5 [1985]; see People v Hansen, 95 NY2d 227, 230 [2000]). "As a rule, a defendant who in open court admits guilt of an offense charged may not later seek review of claims relating to the deprivation of rights that took place before the plea was entered" (People v Hansen, 95 NY2d at 230). "This is so because a [*2]defendant's 'conviction rests directly on the sufficiency of his plea, not on the legal or constitutional sufficiency of any proceedings which might have led to his conviction after trial' " (id., quoting People v Di Raffaele, 55 NY2d 234, 240 [1982]). "A guilty plea will thus encompass a waiver of specific rights attached to trial, such as the right to a trial by jury and to confrontation, and it will also effect a forfeiture of the right to revive certain claims made prior to the plea" (People v Hansen, 95 NY2d at 230; see People v Taylor, 65 NY2d at 5). A guilty plea does not, however, forfeit every claim on appeal. The limited issues that survive a valid guilty plea generally "relate either to jurisdictional matters (such as an insufficient accusatory instrument) or to rights of a constitutional dimension that go to the very heart of the process (such as the constitutional speedy trial right, the protection against double jeopardy or a defendant's competency to stand trial)" (People v Hansen, 95 NY2d at 230; see People v Griffin, 20 NY3d 626, 630 [2013]; People v Taylor, 65 NY2d at 5). "The critical distinction is between defects implicating the integrity of the process, which may survive a guilty plea, and less fundamental flaws, such as evidentiary or technical matters, which do not" (People v Hansen, 95 NY2d at 231; accord People v Griffin, 20 NY3d at 630). 

Here, by pleading guilty, defendant forfeited his contention that he was deprived of a fair trial by prosecutorial misconduct, as the error alleged was evidentiary in nature and neither affected the court's jurisdiction nor impinged upon rights of a constitutional dimension that go to the very heart of the criminal justice process (see People v Alsaifullah, 162 AD3d 1483, 1486 [2018]; People v Escalera, 121 AD3d 1519, 1521 [2014]; People v Brown, 117 AD3d 962, 962 [2014]; People v Miller, 306 AD2d 294, 294 [2003]). In any event, defendant's contention is without merit, as it is based on mischaracterizations of the testimony at issue, which related to a hypothetical. 

Accordingly, the judgment of conviction is affirmed.

ALIOTTA, J.P., PESCE and ELLIOT, JJ., concur.



ENTER:

Paul Kenny

Chief Clerk

Decision Date: November 22, 2019



Footnotes

Footnote 1: Defendant did not move to withdraw his guilty plea or to vacate the judgment of conviction.