People v Hill (2020 NY Slip Op 06913)





People v Hill


2020 NY Slip Op 06913


Decided on November 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CENTRA, J.P., LINDLEY, NEMOYER, TROUTMAN, AND WINSLOW, JJ.


1016 KA 18-02268

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MICHAEL J. HILL, DEFENDANT-APPELLANT. 






KATHLEEN E. CASEY, BARKER, FOR DEFENDANT-APPELLANT.
CAROLINE A. WOJTASZEK, DISTRICT ATTORNEY, LOCKPORT (THOMAS H. BRANDT OF COUNSEL), FOR RESPONDENT. 


 Appeal from a judgment of the Niagara County Court (Sara Sheldon, J.), rendered September 6, 2018. The judgment convicted defendant, upon his plea of guilty, of assault in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of assault in the second degree (Penal Law
§ 120.05 [2]). We affirm.
Most of defendant's contentions are forfeited by his guilty plea. First, defendant's Brady claim is forfeited by his guilty plea because the alleged Brady material was disclosed before the plea (cf. People v Wilson, 159 AD3d 1600, 1601 [4th Dept 2018]; People v DeLaRosa, 48 AD3d 1098, 1098-1099 [4th Dept 2008], lv denied 10 NY3d 861 [2008]). Second, defendant's related contention that the alleged Brady material was subject to disclosure under CPL former 240.20 (1) (d) is also forfeited by the guilty plea (see People v Salters, — AD3d &mdash, 2020 NY Slip Op 05662, *1 [4th Dept 2020]). Third, by pleading guilty, defendant forfeited his contention that the first and second counts of the indictment are multiplicitous (see People v Cole, 118 AD3d 1098, 1099-1100 [3d Dept 2014]; People v Nichols, 32 AD3d 1316, 1317 [4th Dept 2006], lv denied 8 NY3d 848 [2007], reconsideration denied 8 NY3d 988 [2007]). Fourth, by pleading guilty, defendant forfeited his challenge to the legal sufficiency of the evidence before the grand jury (see People v Hansen, 95 NY2d 227, 233 [2000]; People v Fioretti, 155 AD3d 1662, 1664 [4th Dept 2017], lv denied 30 NY3d 1104 [2018]). Fifth, by pleading guilty, defendant "forfeited review of his claim that the prosecutor's conduct before the [g]rand [j]ury impaired its integrity" (People v Bowen, 122 AD2d 64, 64 [2d Dept 1986]; see People v Manragh, 32 NY3d 1101, 1102-1103 [2018]; Hansen, 95 NY2d at 230-233).
Defendant's remaining contention does not require reversal or modification of the judgment.
Entered: November 20, 2020
Mark W. Bennett
Clerk of the Court