People v Hernandez (2021 NY Slip Op 05635)





People v Hernandez


2021 NY Slip Op 05635


Decided on October 14, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: October 14, 2021

Before: Gische, J.P., Moulton, Kennedy, Scarpulla, JJ. 


Ind No. 4048/17 Appeal No. 14356 Case No. 2019-2219 

[*1]The People of the State of New York, Respondent,
v
Anthony Hernandez, Defendant-Appellant.


Robert S. Dean, Center for Appellate Litigation, New York (Ben A. Schatz of counsel), for appellant.
Cyrus R. Vance, Jr., District Attorney, New York (Jonathon Krois of counsel), for respondent.



Judgment, Supreme Court, New York County (James M. Burke, J. at motions to dismiss; Ann E. Scherzer, J. at plea and sentencing), rendered February 8, 2019, convicting defendant of criminal possession of a controlled substance in the fifth degree, and sentencing him to a term of 2½ years, unanimously affirmed.
By pleading guilty, defendant forfeited his contention that the grand jury proceedings were impaired by the prosecutor's failure to disclose to the grand jury certain prior inconsistent statements of the testifying officer (see People v Hansen, 95 NY2d 227, 230 [2000]; People v Simmons, 94 AD3d 414 [1st Dept 2012], lv denied 19 NY3d 1001 [2012]; People v Bishop, 1 AD3d 112 [1st Dept 2003], lv denied 1 NY3d 568 [2003]). In the alternative, we find no impairment of the integrity of the grand jury proceeding (see People v Mitchell, 82 NY2d 509 [1993]). The omitted statements amounted to minor impeachment evidence that created no possibility of prejudice to defendant by their omission (see Bishop, 1 AD3d at 112).
In any event, the only remedy requested by defendant is dismissal of the indictment with prejudice, that is, without leave to re-present, and he expressly requests that if this Court denies that remedy, it should affirm. We find no basis for such a dismissal. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 14, 2021