People v Hibbert (2023 NY Slip Op 06447)

People v Hibbert

2023 NY Slip Op 06447

Decided on December 14, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: December 14, 2023

Before: Manzanet-Daniels, J.P., Oing, Moulton, Shulman, Rosado, JJ. 

Ind. No. 169/21 Appeal No. 1227 Case No. 2022-02017 

[*1]The People of the State of New York, Respondent,
v
Conroy Hibbert, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Jane Merrill of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jamie Masten of counsel), for respondent.

Judgment, Supreme Court, New York County (April A. Newbauer, J., on motion; Thomas A. Farber, J., at plea and sentencing), rendered April 25, 2022, as amended April 26, 2022, convicting defendant of attempted criminal possession of a weapon in the third degree, and sentencing him, as a second violent felony offender, to a term of three years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US —, 140 S Ct 2634 [2020]), which forecloses his claim that the court erred in denying his motion to dismiss the indictment without conducting a hearing. Regardless of whether defendant made a valid appeal waiver, defendant's challenge was forfeited by his guilty plea (see People v Hansen, 95 NY2d 227 [2000]), and we decline to review it in the interest of justice. As an alternative holding, we find that the court properly summarily denied the motion, as defendant failed to set forth any facts to dispute the People's showing that the grand jury was not exposed to the prejudicial hearsay statements contained in the reports that the People introduced into evidence. The grand jury minutes support the People's assertion. Accordingly, there was no factual issue requiring a hearing (see CPL 210.45 [5]; People v Thomas, 190 AD3d 591, 592 [1st Dept 2021], lv denied 37 NY3d 960 [2021]).
Defendant's Second Amendment claim is unpreserved, and we decline to consider it in the interest of justice (see People v Adames, 216 AD3d 519 [1st Dept 2023], lv denied 40 NY3d 949 [2023]). As an alternative holding, we find that on the present record, defendant has failed to establish that Penal Law § 265.02(5)(ii) is unconstitutional under New York State Rifle & Pistol Assn., Inc. v Bruen (597 US —, 142 S Ct 2111 [2022]), or that he would be entitled to vacatur of his conviction on that basis.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: December 14, 2023