People v Ferreira (2025 NY Slip Op 02041)

People v Ferreira

2025 NY Slip Op 02041

Decided on April 08, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: April 08, 2025

Before: Moulton, J.P., González, Scarpulla, Higgitt, Michael, JJ. 

Ind. No. 772/21|Appeal No. 4077|Case No. 2021-04526|

[*1]The People of the State of New York, Respondent,
v
Freddy Ferreira Also Known as Freddie Ferreira, Defendant-Appellant.

Caprice R. Jenerson, Office of the Appellate Defender, New York (Ronald Zapata of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Jacob C. Marcus of counsel), for respondent.

Judgment, Supreme Court, New York County (April A. Newbauer, J.), rendered December 3, 2021, as amended June 15, 2022, convicting defendant, upon his plea of guilty, of attempted arson in the second degree, and sentencing him, as a second felony offender, to a term of five years, unanimously affirmed.
Defendant validly waived his right to appeal (People v Thomas, 34 NY3d 545, 567 [2019], cert denied 589 US __, 140 S Ct 2634 [2020]), which "forecloses review of his challenge to the grand jury proceeding" (People v Correa, 228 AD3d 409, 410 [1st Dept 2024], lv denied 42 NY3d 1079 [2025]). Additionally, by pleading guilty, defendant forfeited his right to raise any claims of evidentiary errors in the grand jury proceeding (see People v Hansen, 95 NY2d 227, 232 [2000]).
In any event, defendant's challenges to the grand jury proceeding were not preserved by his argument in support of his request to inspect the grand jury minutes in his omnibus motion (see People v Brown, 81 NY2d 798, 799 [1993]), and we decline to reach defendant's claims in the interest of justice. As an alternative holding, we reject them on the merits. Defendant's claim that the prosecutor impaired the integrity of the grand jury proceeding rests on the prosecutor's alleged introduction of "inadmissible evidence," but "the sufficiency of the evidence before the Grand Jury cannot be challenged" after a guilty plea (Hansen, 95 NY2d at 233). In any event, any error involving a fire marshal's testimony identifying defendant on a surveillance video was harmless in view of the other evidence demonstrating reasonable cause to believe defendant committed arson, including defendant's confession (see People v Calderon, 171 AD3d 422, 423 [1st Dept 2019], lv denied 33 NY3d 1102 [2019]).
Even if defendant's confession, introduced to the grand jury through witness testimony, had been unconstitutionally obtained, a later finding of inadmissibility would not invalidate the indictment (see Matter of Rodney J., 108 AD2d 307, 311-312 [1st Dept 1985]).
Following our in camera review, we have considered defendant's remaining arguments and find them unavailing. 
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: April 8, 2025