People v Boone (2025 NY Slip Op 05357)

People v Boone

2025 NY Slip Op 05357

Decided on October 3, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on October 3, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: LINDLEY, J.P., MONTOUR, GREENWOOD, NOWAK, AND KEANE, JJ.

636 KA 22-00866

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
MARKUS BOONE, DEFENDANT-APPELLANT. (APPEAL NO. 1.) 

JULIE CIANCA, PUBLIC DEFENDER, ROCHESTER (GUY A. TALIA OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (RYAN P. ASHE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Charles A. Schiano, Jr., J.), rendered May 2, 2022. The judgment convicted defendant, upon his plea of guilty, of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]), arising from a shooting incident during which defendant possessed a loaded firearm in his home. We affirm.
Defendant contends that, even though his previous conviction was not an element of criminal possession of a weapon in the second degree given his in-home possession of the loaded firearm (see People v Jones, 22 NY3d 53, 59 [2013]), the prosecutor may have mistakenly presented evidence to or instructed the grand jury about that previous conviction, which defendant asserts would have rendered the proceeding defective because the grand jury's awareness of the previous conviction may have tainted its consideration of the evidence and made it more likely to indict. We agree with the People, however, that defendant's contention raises "[f]laws of an evidentiary or technical nature [that are] forfeited by a guilty plea" (People v Hansen, 95 NY2d 227, 232 [2000]; see People v Ellis, 194 AD3d 428, 428 [1st Dept 2021], lv denied 37 NY3d 964 [2021]; People v Palo, 299 AD2d 871, 871 [4th Dept 2002], lv denied 99 NY2d 618 [2003]). It is undisputed that defendant's contention "does not activate a question of jurisdiction" (Hansen, 95 NY2d at 231). Moreover, contrary to defendant's assertion, we conclude that his contention "does not present 'a constitutional defect implicating the integrity of the process' " (People v Manragh, 32 NY3d 1101, 1103 [2018]; see Hansen, 95 NY2d at 231-233). Defendant "in essence seeks a review of the fact-finding process engaged in by the grand jurors" (Hansen, 95 NY2d at 232). However, "[t]o allow such a [claim] to survive here would be fundamentally inconsistent with the plea of guilty, because, at its base, the claim essentially relates to the quantum of proof required to satisfy the factual elements of the crimes considered by the [g]rand [j]ury" (id.).
Defendant's further contention that he was denied effective assistance of counsel based on defense counsel's failure to file a motion to dismiss the indictment on statutory speedy trial grounds by challenging the propriety of the People's original certificate of compliance "survives his guilty plea only insofar as he demonstrates that the plea bargaining process was infected by [the] allegedly ineffective assistance or that [he] entered the plea because of [his] attorney['s] allegedly poor performance" (People v Bovee, 221 AD3d 1549, 1549-1550 [4th Dept 2023], lv denied 41 NY3d 982 [2024] [internal quotation marks omitted]; see People v Brinson, 151 AD3d 1726, 1726 [4th Dept 2017], lv denied 29 NY3d 1124 [2017]; see generally People v Parson, 27 [*2]NY3d 1107, 1108 [2016]). To the extent that defendant's contention survives his plea, we conclude that it lacks merit. The record establishes that defendant received a favorable plea bargain, and that defendant received meaningful representation (see People v Reynolds, 239 AD3d 1363, 1364 [4th Dept 2025]; People v Moore, 229 AD3d 1279, 1280 [4th Dept 2024]; see generally People v Ford, 86 NY2d 397, 404 [1995]). Contrary to defendant's assertion, we conclude "that there is nothing 'clear cut about [defendant's] CPL 30.30 claim' . . . and that 'its success would have depended on the resolution of several novel issues' in light of the new discovery laws" (Moore, 229 AD3d at 1280, quoting People v Brunner, 16 NY3d 820, 821 [2011]). To the extent that defendant's contention is based on matters outside the record, we note that a CPL 440.10 proceeding is the appropriate forum for reviewing his claim (see People v Stoby, 232 AD3d 1298, 1299 [4th Dept 2024], lv denied 43 NY3d 947 [2025]).
Entered: October 3, 2025
Ann Dillon Flynn
Clerk of the Court