People v Stanford (2026 NY Slip Op 00679)

People v Stanford

2026 NY Slip Op 00679

Decided on February 11, 2026

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 11, 2026
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: CURRAN, J.P., BANNISTER, SMITH, OGDEN, AND DELCONTE, JJ.

66 KA 22-01442

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
vCRAIG STANFORD, DEFENDANT-APPELLANT. 

DAVID P. ELKOVITCH, AUBURN, FOR DEFENDANT-APPELLANT.
CRAIG STANFORD, DEFENDANT-APPELLANT PRO SE.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (AERON SCHWALLIE OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Thomas E. Moran, J.), rendered December 22, 2021. The judgment convicted defendant upon his plea of guilty of criminal possession of a weapon in the second degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him upon his plea of guilty of criminal possession of a weapon in the second degree (Penal Law § 265.03 [3]). We affirm.
At the outset, although defendant purportedly waived his right to appeal, we conclude that there is no reason for us to address his contention in his main brief that the waiver is invalid inasmuch as defendant's substantive contentions—both in his main brief and in his pro se supplemental brief—would survive even a valid waiver of the right to appeal or are forfeited by the plea (see People v Crosby, 195 AD3d 1602, 1603 [4th Dept 2021], lv denied 37 NY3d 1026 [2021]; People v Steinbrecher, 169 AD3d 1462, 1463 [4th Dept 2019], lv denied 33 NY3d 1108 [2019]; see generally People v Seaberg, 74 NY2d 1, 9 [1989]).
Defendant contends in his main and pro se supplemental briefs that Supreme Court erred in denying his pro se motion seeking substitution of counsel. Initially, we note that his contention " 'is encompassed by the plea . . . except to the extent that the contention implicates the voluntariness of the plea' " (People v Morris, 94 AD3d 1450, 1451 [4th Dept 2012], lv denied 19 NY3d 976 [2012]). Regardless, we conclude that defendant abandoned his request for new counsel "when he 'decid[ed] . . . to plead guilty while still being represented by the same attorney' " (People v Wellington, 169 AD3d 1440, 1441 [4th Dept 2019], lv denied 33 NY3d 982 [2019]; see Crosby, 195 AD3d at 1604; People v Barr, 169 AD3d 1427, 1427-1428 [4th Dept 2019], lv denied 33 NY3d 1028 [2019]). At the plea colloquy, defendant made no statements expressing dissatisfaction with counsel, and we note that at no time did the court issue an ultimatum to defendant to either "plead guilty with present counsel or proceed to trial with present counsel" (People v Jones, 173 AD3d 1628, 1630 [4th Dept 2019]).
Defendant's contention in his pro se supplemental brief that the court erred in denying his challenge to the legal sufficiency of the evidence before the grand jury is forfeited by the guilty plea (see People v Hill, 188 AD3d 1756, 1757 [4th Dept 2020], lv dismissed 37 NY3d 965 [2021], reconsideration denied 37 NY3d 1096 [2021]; People v Rowe, 158 AD3d 1265, 1266-1267 [4th Dept 2018], lv denied 31 NY3d 1017 [2018]; see generally People v Hansen, 95 NY2d 227, 233 [2000]). Additionally, defendant's contention in his pro se supplemental brief that "he was denied[, inter alia,] due process based upon" instances of judicial misconduct was also "forfeited as a result of his guilty plea" (People v Alsaifullah, 162 AD3d 1483, 1486 [4th Dept [*2]2018], lv denied 32 NY3d 1062 [2018]), and, regardless, defendant failed to preserve that contention for our review (see People v Tohafijian, 216 AD3d 1410, 1413 [4th Dept 2023], lv denied 40 NY3d 937 [2023]; People v Price, 129 AD3d 1484, 1484 [4th Dept 2015], lv denied 26 NY3d 970 [2015]; People v Brown, 120 AD3d 1545, 1545-1546 [4th Dept 2014], lv denied 24 NY3d 1082 [2014]).
We have considered the remaining contention in defendant's pro se supplemental brief, and we conclude that it does not warrant modification or reversal of the judgment.
Entered: February 11, 2026
Ann Dillon Flynn
Clerk of the Court