People v Fuller (2023 NY Slip Op 05666)

People v Fuller

2023 NY Slip Op 05666

Decided on November 09, 2023

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 09, 2023

Before: Webber, J.P., Friedman, González, Kennedy, O'Neill Levy, JJ. 

Ind. No. 2175/17 Appeal No. 986 Case No. 2018-03619 

[*1]The People of the State of New York, Respondent,
v
Bernard Fuller, Defendant-Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Shezza Abboushi Dallal of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Judgment, Supreme Court, New York County (Thomas Farber, J. at suppression hearing; Ellen N. Biben, J. at plea and sentencing), rendered February 20, 2018, as amended April 16, 2018, convicting defendant of burglary in the third degree, and sentencing him, as a second felony offender, to a term of 2½ to 5 years, unanimously affirmed.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), foreclosing review of his suppression claim. Regardless of whether defendant validly waived his right to appeal, his argument that his handcuffing at the university's security office constituted an unlawful arrest is unpreserved, and we decline to address it in the interest of justice. As an alternative holding, we find that even if defendant was handcuffed by a peace officer or other state actor without probable cause, his statements to a detective at the precinct, and later to an assistant district attorney, were sufficiently attenuated from any potential illegal detention (see People v Bradford, 15 NY3d 329, 333 [2010]).
Defendant's valid waiver of the right to appeal also forecloses review of the claim raised in his supplemental pro se brief. In any event, defendant forfeited his right to challenge the sufficiency of the evidence before the grand jury by pleading guilty (see People v Guerrero, 28 NY3d 110, 116 [2016]; People v Hansen, 95 NY2d 227, 233 [2000]). THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 9, 2023