People v Correa (2024 NY Slip Op 03015)

People v Correa

2024 NY Slip Op 03015

Decided on June 04, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: June 04, 2024

Before: Singh, J.P., Kennedy, Mendez, Rodriguez, JJ. 

Ind. No. 40/20 Appeal No. 2422 Case No. 2021-04170 

[*1]The People of the State of New York, Respondent,
v
Hector Correa, Appellant.

Caprice R. Jenerson, Office of Appellate Defender, New York (Victorien Wu of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Michael D. Tarbutton of counsel), for respondent.

Judgment, Supreme Court, New York County (Diane Kiesel, J.), rendered October 29, 2021, convicting defendant, upon his plea of guilty, of attempted robbery in the second degree, and sentencing him, as a second violent felony offender, to a term of five years, unanimously affirmed.
Defendant's challenge to the voluntariness of his plea is unpreserved, and this case does not come within the narrow exception to the preservation requirement (see People v Lopez, 71 NY2d 662, 666 [1988]). We decline to review defendant's claim in the interest of justice.
As an alternative holding, we reject defendant's arguments on the merits. The record establishes that defendant's plea was knowing, intelligent, and voluntary. Nothing in the record indicates that defendant's mental illness so impaired his ability to understand the proceeding as to require further inquiry into his mental competency (see People v Morales, 202 AD3d 548 [1st Dept 2022], lv denied 38 NY3d 1009 [2022]). Rather, defendant responded appropriately and coherently to the court's questions and assured the court that he was pleading guilty of his own free will (see People v Dwaileebe, 165 AD3d 588 [1st Dept 2018], lv denied 32 NY3d 1171 [2019]). Further, the record establishes that defendant had adequate opportunity to consult with counsel before entering the plea.
Defendant made a valid waiver of his right to appeal (see People v Thomas, 34 NY3d 545, 559 [2019], cert denied 589 US &mdash, 140 S Ct 2634 [2020]), which forecloses review of his challenge to the grand jury proceeding (see People v Fuller, 221 AD3d 433, 434 [1st Dept 2023]). The court adequately explained that the right to appeal was separate and distinct from the trial rights automatically forfeited by defendant's guilty plea and the appellate rights that survive a waiver, and any ambiguity in the colloquy was remedied by the written waiver that defendant signed after consultation with counsel (see People v Ramos, 7 NY3d 737, 738 [2006]).
Regardless of whether defendant validly waived his right to appeal, by pleading guilty, defendant forfeited review of his claim that prosecutorial misconduct impaired the integrity of the grand jury proceedings (see People v Hansen, 95 NY2d 227, 230-231 [2000]). In any event, the alleged errors did not rise to the level of impairment of the integrity of the proceedings (see People v Thompson, 22 NY3d 687, 699 [2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: June 4, 2024